## George Revere *vs.* Marshall Newell.

The provision of the statute of 1844, *c.* 178, § 4, that, to prevent the discharge of an insolvent debtor, whose assets pay less than fifty per cent of the claims proved against his estate, the dissent of a majority in value of his creditors, who shall have proved their claims, shall be signified within six months after the date of the assignment, is a condition precedent, to be strictly construed in favor of the debtor; and where a creditor proved his claim and filed his dissent, after the expiration of the six months, but at an adjournment of a meeting called and held within the six months, it was held, that the condition was not complied with, notwithstanding the provision of the statute of 1838, *c.* 163, § 16, that all things lawfully done at any adjourned meeting shall be of the like force and effect as if done at the original meeting.

THIS was a proceeding in equity, under the general chancery jurisdiction of this court in matters of insolvency, to set aside the discharge of Marshall Newell, an insolvent debtor granted him by the judge of probate for this county.

The bill sets forth the application by Newell to the judge of probate for the benefit of the insolvent law, on the 1st day of October, 1847, and the subsequent proceedings thereon; the assignment of his estate by the judge to an assignee on the 16th of the same month; the holding of the first and second meetings of creditors, at which no debts were proved and allowed; an application of the complainant to the judge of probate for an order, and the passing of the same, to sell certain personal estate of the insolvent, which had been mortgaged by him to the complainant, as security for a debt of $2050; and the sale of the property, accordingly, by the assignee, and the satisfaction, by the proceeds thereof, of the complainant's debt in part.

The bill then proceeds to allege, that the third meeting of the creditors of the insolvent, for the further proof of claims, and for acting upon his discharge, was held on Saturday the 15th of April, 1848, at three o'clock in the afternoon, at which time the judge of probate transacted other business in his official capacity, and between four and five o'clock, proceeded to the proof of claims against the insolvent; that the complainant was present punctually at the time appointed, and was ready to proceed to the proof of his claim, but the insolvent moved an adjournment of the meeting, alleging as a reason therefor that his counsel was sick, and that he wished to introduce evidence in opposition to the complainant's claim; that the complainant objected to an adjournment, but that the judge of probate, notwithstanding, after a partial hearing, adjourned the meeting to Monday, the 24th of the same April; that, at the meeting on the 15th of April, claims to the amount of $70·39, were duly proved and allowed, and that at the adjournment of the same meeting on the 24th of April, the complainant's claim was proved and allowed to the amount of $434·39; that the complainant, thereupon, his claim being more than one half in value of the claims of creditors who had proved their debts, and the assets of the insolvent paying less than fifty per cent of the claims proved, did, then and there, by a writing under his hand, signify to the judge of probate his dissent to the granting

of a discharge to the insolvent; and that the judge of probate, notwithstanding the complainant's dissent, did, on the said 24th of April, grant the insolvent a certificate of discharge.

The prayer of the bill was, that such proceedings might be had, that the validity of the insolvent's discharge might be judicially determined, and if found to be irregular or invalid, might be superseded and set aside, and that the complainant might have such other and further relief as his case might require, and as in justice and equity might seem fit and proper.

The case was argued in writing by *C. L. Hancock,* for the plaintiff, and *J. A. Andrew,* for the defendant.

WILDE, J. This is a bill in equity to set aside the discharge, granted by the judge of probate to an insolvent debtor, on the ground that the complainant, being more than one half in value of the creditors who had proved their debts, did by a writing, under his hand, signify to the judge of probate his dissent to the granting of the discharge. The case turns on the question, whether the complainant's claim was legally proved and allowed, so as to prevent by his dissent the granting of the discharge.

By the statute of 1844, *c.* 178, § 4, it is enacted, that if an insolvent debtor's estate does not pay fifty per cent of the claims proved, a majority in value of the creditors may dissent and prevent a discharge; provided the dissent is made within six months after the date of the assignment.

The complainant's claim was not proved and allowed within six months after the date of the assignment; but he offered to prove the same at the third meeting of the creditors of the insolvent debtor, which was within the six months; when, on motion of the debtor, after a partial hearing, the judge of probate adjourned the meeting to a day subsequent to the six months, notwithstanding the objection of the complainant; and at that adjourned meeting the complainant's claim was proved and allowed.

On these facts, the complainant maintains the general

Revere *v.* Newell.

proposition, that where adjournments of a meeting are had, the acts done at any adjournment have the same force and effect, that they would have if done at the original meeting; and so is the law generally; and so is the provision in the insolvent law of 1838, *c.* 163, § 16, which provides that all things lawfully done at any adjourned meeting shall be of the like force and effect as if done at the original meeting.

But this case does not, in our judgment, depend on this statute, or on the general rule of law, but on the statute of 1844, *c.* 178, § 4, which expressly requires, that to prevent the discharge of the insolvent debtor, if his estate does not pay fifty per cent of the claims proved, a majority in value of the creditors may dissent, provided the dissent is made within six months after the date of the assignment. This proviso amounts clearly to a condition precedent, without compliance with which, the dissent of the creditors cannot prevent the judge of probate from granting a discharge. *Ex parte Bartlett,* 8 Met. 72, 75. The power given to the creditors is an arbitrary power, for the exercise of which they are not bound to assign any reason; and the statute, therefore, ought to be strictly construed in favor of the insolvent debtor. If the complainant had filed his dissent within the six months, although he did not prove his claim until afterwards, he might perhaps have prevented the discharge; but of this we give no opinion, as no such dissent was filed or made. The statute of 1844 controls the statute of 1838, for although the complainant's claim has been lawfully proved, he has no right to prevent the insolvent debtor's discharge, without a compliance with the proviso in the statute of 1844.

*Bill dismissed*